## SCHWARTZ v TAMPA ELECTRIC COMPANY
### Case No. 90-16583
Thirteenth Judicial Circuit, Hillsborough County

May 23, 1991

**APPEARANCES OF COUNSEL**

**George P. Kickliter, Esquire,** for plaintiff.
**Peter P. Murnahan, Esquire,** for defendant.

### OPINION OF THE COURT

RALPH STEINBERG, Circuit Judge.

### *ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS*

THIS CAUSE came before the Court on May 14, 1991 upon a

Motion for Judgment on the Pleadings filed by Defendant, Tampa Electric Company.

A Complaint was filed on July 27, 1990 by James Schwartz alleging negligence and damage arising out of the fall of an electric power line occurring on July 30, 1986, naming TECO Energy, Inc. as defendant and owner of the power line. TECO Energy, Inc. promptly denied ownership of the power line and counsel for Plaintiff ultimately conceded this fact upon ascertaining through a deposition of an officer of TECO Energy, Inc. that Tampa Electric Company, a wholly owned subsidiary of TECO Energy, Inc., was the owner of the power line and the proper name of the defendant. Accordingly, on March 6, 1991 the Court granted a motion for summary judgment in favor of TECO Energy, Inc. and at the same time granted Plaintiff's motion to amend the complaint so as to name Tampa Electric Company as the Defendant.

On March 12, 1991 Plaintiff filed an amended complaint naming Tampa Electric Company as the Defendant. On March 26, 1991 Defendant, Tampa Electric Company, filed an answer and affirmative defenses to the complaint together with the motion for judgment on the pleadings sub judice.

The issue raised by the motion for judgment on the pleadings is whether Plaintiff's action is barred by section 95.11, Florida Statutes, the applicable statute of limitations for this negligence action. If the amended complaint does not relate back to the date of the filing of the original complaint the action is barred by the statute of limitations. However, if the amended complaint relates back to the filing of the original complaint the action is not barred.

After hearing argument of counsel for the parties, reading their memorandums of law in support of their respective positions, and inspecting the contents of the court file, the Court finds, as follows:

A. Counsel stipulated that Tampa Electric Company is a wholly owned subsidiary of TECO Energy, Inc.;

B. TECO Energy, Inc. and Tampa Electric Company have an identity of interest and the same attorney has represented both corporations in this litigation;

C. Tampa Electric Company through its parent company, TECO Energy, Inc., had early notice of this action and knew that Plaintiff was making a mistake in naming TECO Energy, Inc. as the Defendant;

D. The amended complaint merely corrected a misnomer as to the party defendant;

174

E. Tampa Electric Company is not prejudiced by the mistake and the amended complaint correcting the mistake; and

F. Under the circumstances, it would be unjust to allow the amendment to have the effect of barring Plaintiff's action. *Hohl v Croom Motorcross, Inc.,* 358 So2d 241 (Fla. 2d DCA 1978).

It is therefore,

ADJUDGED AND ORDERED that Defendant, Tampa Electric Company's Motion for Judgment on the Pleadings is denied.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida this 23rd day of May, 1991.